

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable R. V. Rayford
County Auditor, Rusk County
Henderson, Texas

Dear Sir:

Opinion No. 0-5869
Re: Salaries and traveling expenses of Veterans County Service Officer and assistants.

Your letter of April 15, 1944, requesting the opinion of this department regarding the matters stated therein is as follows:

"House Bill No. 368 passed by the 48th Legislature provides for the appointment by the Commissioners Court of a Veterans County Service Officer with a salary not to exceed $100.00 per month with additional traveling expense.

"The present appointee to this office resides some 80 miles from the Court House where his office is located.

"I will thank you to tell me whether the traveling expense provided for in this act will include the travel from the County Service Officers home to his office in the Court House and his return trip to his home, or does the traveling expense begin from his office to the different duties and appontments arising in connection with his work as County Service Officer?

"Can the Commissioners Court agree with the Service Officer on a fixed amount for his traveling expense said amount to be paid each month on order of the Commissioners Court?

"Section 1 of the above act provides for the appointment of the Veterans County Service Officer and assistant and fixes the salary. Vernon's Session Law Service and the Vernon's Statutes seem to

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. V. Rayford, page 2

have left out a portion of a sentence in connection with the salary of the assistant Officer.

"' * * * Such Veterans County Service Officer and/or Assistant Veterans County Service Officer, shall receive a salary not to exceed One Hundred Dollars ($100) per month for the principal Officer nor more than Fifty Dollars ($50) per month fixed by the Commissioners Court, to be paid in equal monthly installments out of the general funds of the county and all salaries, travel and other expenses of such office shall be paid on order of the Commissioners Court.'

"The presumption with me is that the $50.00 per month mentioned in the above section 1 is the salary intended by the Legislature for the Assistant Veterans County Service Officer and I will thank you to tell me if this is the correct interpretation of this portion of the section 1. * * *"

Section 1 of House Bill No. 368, Acts of the 48th Legislature, Regular Session, 1943, provides:

"When the commissioners' court of a county shall determine that a Veterans' County Service Officer is a public necessity in the dispatch of county business, it shall by a majority of the full membership thereof, create and establish a Veterans' County Service Office. The county commissioners' court shall appoint such veterans to such service office and such assistant veterans to such service office as shall be deemed necessary by the county commissioners' court. Such Veterans' County Service Officer and/or Assistant Veterans' County Service Officer shall receive a salary not to exceed $100 per month for the principal officer nor more than $50 per month, fixed by the county commissioners' court, to be paid in equally monthly installments out of the general fund of the county and all salaries, travel and other expenses of such office shall be paid on order of the commissioners' court."

The Act further prescribes the qualifications of Veterans' County Service Officer and/or Assistant Veterans' County Service Officer, the duties of such officers, the term of office, etc.

Literally construing the language of Section 1 of the Act, it appears that the commissioners' court is authorized to create and establish a Veterans' County Service Office when the county commissioners' court determines that a Veterans' County Service Officer is a public necessity in the dispatch of county business. Generally speaking, some offices are created by the Constitution and others by the statutes. It is a settled principle also that an office comes into existence only when created in the prescribed manner and continues only so long as the law to which it owes its existence remains in force; when that law is abrogated, the office ipso facto ceases to exist, unless perpetuated by virtue of some other enactment. (City of San Antonio v. Coultress, 169 S. W. 917, 179 S. W. 515, 187 S. W. 194; Bennett v. City of Longview, 268 S. W. 786; Tex. Jur., Vol. 34, p. 327) In the case of Weaver v. Commissioners' Court of Nacogdoches County, 146 S. W. (2d) 170, the Supreme Court of this State said:

"The creation of an office is peculiarly a legislative matter."

The question whether the commissioners' court created the office or whether the Legislature created the office and the Act merely furnishes the method by which appointment to the office is made, is not before us. If the Legislature has not created this office but authorizes the commissioners' court to create said office, then a serious question as to the constitutionality of the Act is raised. Therefore, we express no opinion as to the validity of said Act.

Specifically answering your questions, it is our opinion that the maximum compensation of the Veterans' County Service Officer cannot legally exceed $100 per month and the maximum compensation of any Assistant Veteran's County Service Officer cannot legally exceed $50 per month.

It is our opinion that the county is not legally authorized to pay the traveling expense of the Veterans' County Service Officer when such expense is incurred by said officer while traveling to and from his home and office.

It is our further opinion that the commissioners'
court cannot legally allow the Veterans' County Service Officer
a fixed amount for his traveling expenses to be paid each month.
Stated another way, the Veterans' County Service Officer is en-
titled to receive his actual and necessary traveling expense
incurred in the conduct of his office and the commissioners'
court cannot legally fix a definite amount for such expense
but can only allow the actual and necessary traveling expenses
incurred each month by such officer.   As heretofore stated,
such traveling expenses do not include the expenses incurred
by said officer while traveling between his home and office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP

APPROVED APR 24, 1944


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN